UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRO-V INTERNATIONAL, INC, a Florida corporation,

    Plaintiff

v.

NORDEA BANK, a foreign corporation,

    Defendant.

_____/

Case No.: 8:17-cv-2805-T-24TGW

## COMPLAINT FOR DAMAGES

Plaintiff, Pro-V, International, Inc., a Florida corporation ("Plaintiff" or "PROV"), by and through its undersigned counsel, states the following as its Complaint against Defendant Nordea Bank, a foreign corporation ("Defendant" or "NORDEA"):

### Preliminary Statement

This action arises out of NORDEA's failure to fulfill one of its most basic obligations, namely, to protect its customers' funds against theft. From late July 2016 to early August 2016, cybercriminals accessed PROV's accounts at NORDEA and transferred hundreds of thousands of dollars to numerous bank accounts via wire transfer ("Wire") network, the system used by banks to transfer funds electronically between accounts. NORDEA failed to see that the transfers in this case obviously were suspicious in that: (1) They were far larger than any transfers PROV ever had made in the history of its account relationship with NORDEA, which went back many years; (2) the transfers were directed to the accounts of individuals to whom PROV never before had transferred funds; and (3) the transfers were done via form although PROV only gives such instructions online using their three-point authentication system. NORDEA either never suspected or turned a blind eye to the possibility that these transactions might be fraudulent. It did not even go to the trouble of inquiring with PROV about whether

1

they might be potentially questionable. PROV has tried to resolve directly with the bank but the bank no longer responds, which has left PROV without any option but to bring this action.

### The Parties

1. Plaintiff PROV is a Florida Corporation with a place of business in Tampa, FLORIDA.

2. NORDEA is a Danish Bank with locations in the United States.

3. Venue is proper in this Court as the Defendant is incorporated and conducts business affairs in Hillsborough County, FL

4. This Court has jurisdiction to this matter pursuant to 28 U.S.C. §1332 and Rule 4 of the Federal Rules of Civil Procedure.

### The Facts

5. PROV has been in business since 2003. It is a technology solution company located in Tampa, FLORIDA.

6. PROV has banked with NORDEA since January 2015.

7. In or around January 2015, PROV added eBanking for Business to its NORDEA commercial checking account (hereinafter, the "account" or "PROV's account").

8. The Corporate Controller and CEO of the Company were the only ones authorized on the account.

9. Pursuant to the Nordea ebanking authentication, in order to execute a wire transfer,

10. Prior to setting up ebanking, one wire transfer was done utilizing a faxed form as an exception until the ebanking was set up. *See*, Exhibit "1"

11. ProV has never initiated a wire transfer outside of ebanking since.

12. The prevailing standard in the banking community today is that wire transfer

2

should not and do not take place via email authorization.

13. The common safe practice among banks is to supplement the password with a manual factor such as a token or a telephone confirmation.

14. NORDEA offered PROV this token-based authentication via online banking.

15. Throughout the relevant timeframe, the bank represented that it continuously monitored and maintained unique profiling for unusual or uncharacteristic behavior in customer accounts.

16. PROV has never transferred money to PROV INTERNATIONAL SLOVAK and given the amount should have been flagged exposing it unnecessarily to the possibility of large fraudulent transfers.

*Unauthorized Transfers by Nordea*

17. On August 10, 2016, it was discovered by ProV International, Inc. that someone had gained unauthorized access to Philip Balser's (the Corporate Controller of ProV) ProV email account.

18. It was later discovered that the hacker, in gaining access, would send emails to Nordea bank requesting wire transfers posing as Philip Balser.

19. The hacker would reroute certain emails out of the inbox using email filters so the communications would go undetected.

20. On August 9, 2016, Nordea Bank's Relationship Manager (Kurt Mikkelsen) contacted ProV's CEO Ajit Nair asking why ProV was not using the online service to perform wire transfers. It was then discovered that the wire in question was fraudulent activity.

21. Upon an audit on the bank records that day it was also discovered that two more wire transfers occurred without ProV International's authorization.

22. Wire Transfer # 1, July 25, 2016 Amount of $ 76,695.36 USD. *See*, Exhibit "2".

3

23. Wire Transfer # 2, August 2, 2016 Amount of $ 92,883.84 USD. *See,* Exhibit "3".

24. Wire Transfer # 3, August 9, 2016 Amount of $ 105,323.70 USD on that date conversation amount. This wire transfer was intercepted, and the funds have since been returned to ProV International. *See,* Exhibit "4".

25. Nordea has recovered or blocked $ 105,323.70 USD of the transfers, leaving PROV's total loss at $ 169,579.20.

### Count I
*Uniform Commercial Code – Funds Transfers*

26. PROV repeats and realleges all of its previous allegations in paragraphs 1 -25 as if set forth fully herein.

27. This is an action against NORDEA for violation of Florida's Uniform Commercial Code – Funds Transfers, as codified in *Fla. Stat.* § 670.101, *et seq.* (2017).

28. NORDEA has violated Florida's Uniform Commercial Code as follows:

29. NORDEA received fraudulent electronic payment instructions

30. These payment orders were not authorized by PROV, nor was PROV bound by these orders pursuant to the law of agency.

31. These payment orders were not effective as the orders of PROV.

32. PROV and NORDEA entered into an agreement February 10, 2015 regarding Corporate Netbank that the authenticity of payment orders issued to the bank in the name of PROV would be verified pursuant to a security procedure. *See,* Exhibit "5."

33. To the extent PROV and NORDEA did enter into an agreement that the authenticity of payment orders issued to the bank in the name of PROV would be verified pursuant to a security procedure, the steps taken by NORDEA to verify the authenticity of the fraudulent payment orders issued on July and August 2015 were outside the scope of and were not part of any such agreed-upon

4

security procedure.

34. To the extent PROV and NORDEA did enter into an agreement that the authenticity of payment orders issued to the bank in the name of PROV would be verified pursuant to a security procedure, such security procedure was not following for the following reasons:

    a. NORDEA did not adhere to its multi-factor authentication to PROV;

    b. NORDEA allowed for unverified forms to act as instruction for the wire transfers;

    c. NORDEA did not even phone verify or perform any verification that those instructions originated from PROV;

35. To the extent PROV and NORDEA did enter into an agreement that the authenticity of payment orders issued to the bank in the name of PROV would be verified pursuant to a security procedure, NORDEA did not accept the payment orders issued on July and August 2015 in good faith and in compliance with that security procedure.

36. The fraudulent payment orders issued on August 9, 2, and July 25, 2015 were not caused directly or indirectly by a person entrusted at any time with duties to act for PROV with respect to payment orders or any security procedure that NORDEA had in place.

37. The fraudulent payment orders issued on August 9, 2, and July 25, 2015 were not caused directly or indirectly by a person who obtained access to the transmitting facilities of PROV.

38. Upon information and belief, the fraudulent payment orders issued on August 9, 2, and July 25, 2015 were not caused directly or indirectly by a person who obtained from a source controlled by PROV and without the authority of NORDEA information facilitating the breach of any security procedure that NORDEA had in place

39. NORDEA's violation for Florida's Uniform Commercial Code – Funds Transfers, as stated above, has damaged PROV.

WHEREFORE, Plaintiff PROV INTERNATIONAL, INC. respectfully requests that

the Court enter a Judgment against Defendant NORDEA BANK, for a full refund to PROV of the net outstanding balance of the fraudulent payment orders issued on August 9, 2, and July 25, 2015, plus interest, together with costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

## Count II
*Negligence*

40. PROV repeats and realleges all of the allegations in paragraphs 1-25 as if set forth fully herein.

41. NORDEA had a duty to employ proper security procedures to ensure that parties other than PROV would not be able to effect transfers of funds from PROV's accounts by fraudulent means.

42. NORDEA breached this duty by failing to employ proper security procedures to prevent the fraudulent transfer of PROV's funds as described above.

43. NORDEA's breach of duty has caused significant economic harm to PROV as described above.

44. NORDEA's breach of duty was undertaken with malice, or is so outrageous that malice can be implied from its actions.

WHEREFORE, Plaintiff PROV INTERNATIONAL, INC. respectfully requests that the Court enter a Judgment against Defendant NORDEA BANK, for damages in an amount to be determined at trial, together with punitive damages, interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

## Count III
*Breach of Contract*

45. PROV repeats and realleges all of its allegations in paragraphs 1-25 as if set forth fully herein.

46. By accepting PROV's deposits and the fees paid by PROV for banking services, NORDEA entered into an implied contract with PROV whereby NORDEA agreed that it would safeguard PROV's deposits against fraudulent transfers.

47. By failing to employ proper security procedures to prevent the fraudulent transfer of PROV's funds as described above, NORDEA breached the aforementioned implied contract.

48. As a direct and proximate result of the breach of contract by NORDEA, PROV has suffered and will continue to suffer significant financial damages.

WHEREFORE, Plaintiff PROV INTERNATIONAL, INC. respectfully requests that the Court enter a Judgment against Defendant NORDEA BANK, for damages in an amount to be determined at trial, together with interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

### Count IV
*Breach of Fiduciary Duty*

49. PROV repeats and realleges all of its previous allegations in paragraphs 1-25 as if set forth fully herein.

50. As PROV's bank, NORDEA owed fiduciary duties to PROV that included, without limitation, the duties to safeguard PROV's funds and employ proper security procedures to ensure that parties other than PROV would not be able to effect transfers of funds from PROV's accounts by fraudulent means.

51. By failing to safeguard PROV's funds and employ proper security procedures to prevent the fraudulent transfer of PROV's funds as described above, NORDEA breached its fiduciary duties to PROV.

52. NORDEA's breach of fiduciary duties has caused significant economic harm to PROV as described above.

53. NORDEA's breach of fiduciary duties was undertaken with malice, or is so outrageous that malice can be implied from its actions.

WHEREFORE, Plaintiff ProV respectfully requests that the Court enter a Judgment against Defendant NORDEA BANK, for damages in an amount to be determined at trial, together with punitive damages, interest, costs, attorney's fees, and such other and further relief as the Court deems just and appropriate.

Respectfully submitted on this 20th day of November 2017

ADAM LAW GROUP, P.A.

/s/ Thomas C. Adam
Thomas C. Adam
Florida Bar No. 648711
301 W. Bay Street, Suite 1430
Jacksonville, FL 32202
(904) 329-7249
(904) 516-9230 facsimile
tadam@adamlawgroup.com

*Attorneys for the Plaintiff*